SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
David BenHaim
11 Penn Plaza, Suite 500
New York, NY 10122
212-563-1710
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PRINCIPAL LIFE INSURANCE COMPANY,               10-cv-0185

                        Plaintiff,

        -against-                                ANSWER TO
                                                 COMPLAINT WITH
                                                 COUNTER-CLAIMS
A. WERZBERGER IRREVOCABLE LIFE
INSURANCE TRUST, NECHEMIA WERZBERER,
ARON WERZBERGER and ALEXANDER
WERZBERGER,

                        Defendants.
----------------------------------------------------------------X

Defendants herein, A. Werzberger Irrevocable Life Insurance Trust, Nechemia Werzberger, Aron Werzberger and Alexander Werzberger, by their attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, as and for their Answer to Plaintiff's Complaint, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. Deny the truth of the allegations contained in paragraph 2 of the complaint.

3. Deny the truth of the allegations contained in paragraph 3 of the complaint, but admit that Nechemia Werzberger is the trustee of the Werzberger Trust.

4. Deny the truth of the allegations contained in paragraph 4 of the complaint, but admit that Aron Werzberger is the trustee of the Werzberger Trust.

5. Admits the truth of the allegations contained in paragraph 5 of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Admit the truth of the allegations contained in paragraph 7 of the complaint.

8. Admit the truth of the allegations contained in paragraph 8 of the complaint.

9. Admit the truth of the allegations contained in paragraph 9 of the complaint.

10. Admit the truth of the allegations contained in paragraph 10 of the complaint.

11. Admit the truth of the allegations contained in paragraph 11 of the complaint.

12. Deny the truth of the allegations contained in paragraph 12 of the complaint.

13. Admit the truth of the allegations contained in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Deny the truth of the allegations contained in paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43. Deny the truth of the allegations contained in paragraph 43 of the complaint.

44. Deny the truth of the allegations contained in paragraph 44 of the complaint.

45. Deny the truth of the allegations contained in paragraph 45 of the complaint.

46. Deny the truth of the allegations contained in paragraph 46 of the complaint.

47. Deny the truth of the allegations contained in paragraph 47 of the complaint.

48. Deny the truth of the allegations contained in paragraph 48 of the complaint.

49. Deny the truth of the allegations contained in paragraph 49 of the complaint.

50. Deny the truth of the allegations contained in paragraph 50 of the complaint.

51. Deny the truth of the allegations contained in paragraph 51 of the complaint.

52. Repeat, reiterate and reallege their responses to paragraphs 1 through 52 hereof as though fully set forth herein.

53. Deny the truth of the allegations contained in paragraph 53 of the complaint.

54. Deny the truth of the allegations contained in paragraph 54 of the complaint.

55. Repeat, reiterate and reallege their responses to paragraphs 1 through 55 hereof as though fully set forth herein.

56. Deny the truth of the allegations contained in paragraph 56 of the complaint.

57. Deny the truth of the allegations contained in paragraph 57 of the complaint.

58. Repeat, reiterate and reallege their responses to paragraphs 1 through 58 hereof as though fully set forth herein.

59. Deny the truth of the allegations contained in paragraph 59 of the complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint.

63. Deny the truth of the allegations contained in paragraph 63 of the complaint.

64. Repeat, reiterate and reallege their responses to paragraphs 1 through 64 hereof as though fully set forth herein.

65. Deny the truth of the allegations contained in paragraph 65 of the complaint.

66. Deny the truth of the allegations contained in paragraph 66 of the complaint.

67. Deny the truth of the allegations contained in paragraph 67 of the complaint.

68. Deny the truth of the allegations contained in paragraph 68 of the complaint.

69. Deny the truth of the allegations contained in paragraph 69 of the complaint.

70. Repeat, reiterate and reallege their responses to paragraphs 1 through 70 hereof as though fully set forth herein.

71. Deny the truth of the allegations contained in paragraph 71 of the complaint.

72. Deny the truth of the allegations contained in paragraph 72 of the complaint.

73. Deny the truth of the allegations contained in paragraph 73 of the complaint.

74. Deny the truth of the allegations contained in paragraph 74 of the complaint.

75. Repeat, reiterate and reallege their responses to paragraphs 1 through 75 hereof as though fully set forth herein.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the complaint.

78. Deny the truth of the allegations contained in paragraph 78 of the complaint.

79. Deny the truth of the allegations contained in paragraph 79 of the complaint.

80. Deny the truth of the allegations contained in paragraph 80 of the complaint.

81. Deny the truth of the allegations contained in paragraph 81 of the complaint.

82. Deny the truth of the allegations contained in paragraph 82 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff and/or its agents was/were aware, or could have made itself/themselves aware, of all of the facts surrounding the policies and the insured, and therefore has/have waived any alleged basis to void the policies for false application.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff and/or its agents was/were aware, or could have made itself/themselves aware, of all of the facts surrounding the policies and the insured and is estopped from rescinding the policies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff through its actions has ratified the insurance policies.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to state any cause of action against the Trust.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is not the real party in interest.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claim is barred under the doctrine of "unclean hands."

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claim is barred under the doctrine of laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claim is barred by the statute of limitations

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. The complaint is untimely and brought after the time allowed by the policy and applicable insurance statutes.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. This action was brought after the policy has become incontestable.

## AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

12. The policy is incontestable both based upon the language of the policy and applicable insurance statutes.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

13. At the time plaintiff sold and issued the Policy, plaintiff was actively engaged in the business of selling life insurance policies on the lives of elderly individuals without regard to the income or net worth of the insured.

14. Plaintiff sold many such life insurance policies constituting many hundreds of millions of dollars of life insurance.

15. Plaintiff was well aware at the time it sold and issued the Policy that it was selling life insurance policies on the lives of elderly individuals without regard to the financial condition of the insured, and that this practice was widespread.

16. Plaintiff actively and knowingly engaged in the business of selling life insurance on elderly individuals to such life insurance trusts.

17. Plaintiff either viewed this practice as lawful and legitimate, or willfully turned a blind eye to it.

18. Plaintiff accepted premium payments on such life insurance policies with the hope that the policies would lapse for failure to pay premiums so that Plaintiff can keep all of the insurance premiums paid without providing any coverage.

19. In the event a policy would not lapse within the two year contestability period, plaintiff would challenge the validity of the policies and keep the premiums.

20. In the event an insured would die within the two year contestability period, Plaintiff would not pay the benefits and instead challenge the policy and seek to keep the premiums.

21. Defendants were aware that plaintiff, by its conduct, deemed the business of selling such policies to be proper and acceptable.

22. Plaintiff encouraged defendants to purchase insurance, not interested in the insured's financial condition.

23. Having actively and publicly endorsed the foregoing business practices, having by virtue of its conduct legitimized these practices, having induced defendants to acquire the Policies, and having accepted premium payments with respect to the Policies, plaintiff is estopped from repudiating the Policy and disavowing its legitimacy.

24. In this case, plaintiff has no reason whatsoever to believe Werzberger misrepresented his financial condition in the application and has alleged such without any foundation.

25. By virtue of the foregoing, plaintiff is estopped from seeking rescission of the Policy on the ground of the financial representations made in the policy.

## COUNTER-CLAIM
## COUNT ONE – FRAUD/BAD FAITH

26. Defendant repeats, reiterates and realleges its responses to paragraphs 1 through 81 hereof as though fully set forth herein.

27. Plaintiff never intended to provide insurance coverage to anyone when it issued this policy.

28. Plaintiff fraudulently engaged in this transaction solely so that it may keep the premiums paid and not provide any benefit to anyone.

29. Plaintiff engaged in bad faith by entering into this transaction solely so that it may keep the premiums paid and not provide any benefit to anyone and by bringing this action without any factual basis as to the allegations.

30. As a result of plaintiff's fraudulent conduct, defendant has been damaged in an amount to be specified at trial, including premiums paid plus interest.

## COUNTER-CLAIM
## COUNT TWO - NEW YORK GENERAL BUSINESS LAW § 349

31. Defendant repeats, reiterates and realleges its responses to paragraphs 1 through 85 hereof as though fully set forth herein.

32. In all ways and at all times, Plaintiff knew that the net worth of an insured is completely immaterial to the issuance of elderly policies.

33. Plaintiff was at all times collecting full premiums on the Plaintiff elderly policies with the intention to keep them and never provide coverage.

34. Plaintiff's wrongful conduct toward Defendants and other similarly situated policy owners has been willful, wanton, and/or grossly negligent.

35. Plaintiff has engaged in a broad practice of issuing policies for the purpose of keeping premiums without providing any insurance coverage.

36. Plaintiff encouraged and/or instructed its employees and/or agents to engage in a broad practice of failing to provide life insurance coverage with full knowledge that said policies were meritorious.

37. Plaintiff has willfully and/or knowingly engaged in deceptive and/or unfair insurance practices, in violation of New York General Business Law § 349.

**WHEREFORE**, defendants, A. Werzberger Irrevocable Life Insurance Trust, Nechemia Werzberger, Aron Werzberger and Alexander Werzberger, respectfully requests that this Court dismiss the complaint filed in this action against it and grant defendant's counterclaim, together with the costs and disbursements, including reasonable attorneys' fees and expenses.

Dated: April 9, 2010

                                                      SCHINDEL, FARMAN, LIPSIUS,
                                                      GARDNER & RABINOVICH LLP
                                                      Attorneys for Defendants
                                                      *A. Werzberger Irrevocable Life Insurance*
                                                      *Trust, Nechemia Werzberger, Aron*
                                                      *Werzberger and Alexander Werzberger*

By: _____
                                                      David BenHaim
                                                      11 Penn Plaza, Suite 500
                                                      New York, NY  10122
                                                      212-563-1710
                                                      Our File No.:  4377.0001